[Civ. No. 14266. Second Dist., Div. Two. July 19, 1944.]

MILDRED LUCEY, Petitioner and Respondent, v. MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Defendants and Respondents; JOSEPH F. MALATESTA, Appellant; "LUCEY'S," (a Partnership) et al., Defendants in Intervention and Respondents.

Ray Howard for Appellant.

Martin S. Ryan for Respondents.

MOORE, P. J.—On August 5, 1936, one Joseph F. Malatesta filed his action in the Municipal Court of Los Angeles against Mildred Lucey and Antonio Lucey individually and against "Lucey's," a copartnership consisting of Mildred and Antonio Lucey, John Doe and Richard Roe. Mildred and Antonio duly filed their answer. However, the summons was returned showing proof of service on "Lucey's" by serving Mildred Lucey, a member thereof. Inasmuch as the numerous proceedings and appeals of the case prior to January 20, 1938, are not of importance to this discussion, we omit that portion of the narrative with reference to them.

On January 20, 1938, without notice the complaint was amended, by substituting the name of Barbara Wallace in lieu of John Doe. The action was then dismissed as against all individual defendants. No service of the amended complaint was made, but on the same day judgment was entered against the firm. Upon appeal to the superior court, February 11, 1938, appellate department, the judgment was reversed on the ground that the amendment was one of substance and therefore opened the default of "Lucey's." Following an unsuccessful attempt to have the municipal court dismiss the action for failure to bring it to trial within three years after filing the remittitur (on July 30, 1938) under section 583, Code of Civil Procedure, on June 12, 1941, Malatesta filed his notice of motion to set the case for trial along with his notice of motion to amend by substituting Barbara Wallace as the partner of Mildred in Lucey's. The motion

was heard on June 16 and the case was set for June 25. When the case was called on the latter date the copartnership being the sole defendant suggested that the case was not at issue since the default against Lucey's had been opened and set aside by the reversal and the complaint had not been properly amended to include Barbara. The continuance was denied whereupon Malatesta introduced in evidence a photostatic copy of Lucey's application for a liquor permit which document showed that Lucey's consisted of Mildred Lucey and Barbara Wallace. The case then went off the calendar whereupon plaintiff filed his amended complaint alleging that Lucey's consisted of Mildred Lucey and Barbara Wallace. Its demurrer having been overruled, Lucey's filed its answer August 14, 1941. In the following February it filed its second notice of motion to dismiss the action for failure to bring it to trial within three years after the filing of the remittitur in the municipal court. The motion was again on March 2, 1942, denied without prejudice on condition that the cause be set for trial within 14 days. On Malatesta's request filed March 10, it was set for trial on April 2.

Alleging the foregoing recitals Mildred filed her petition in the superior court whereby she sought a writ of mandate, commanding the municipal court to dismiss the action by reason of Malatesta's failure to bring the action to trial within the three years following the filing of the remittitur. Malatesta promptly filed his petition in intervention wherein he alleges (1) that at the time of taking its appeal of February, 1938, Lucey's filed an undertaking on appeal with the United States Fidelity and Guaranty Company as surety; (2) that the judgment was not reversed by the appellate department for the reasons that (a) it was without jurisdiction under section 4½ of article VI and section 22, article I of the Constitution; (b) the appeal was taken on the judgment roll alone; (c) the reversal purports to have been based upon error in pleading and procedure only and not after an examination of the entire cause and could not have been founded upon a conclusion that any error complained of had resulted in a miscarriage of justice and the appellate department could not have determined whether the evidence showed the amendment to be necessary or whether the amendment in the presence of counsel for Lucey's or their appearance after judg-

ment and before amendment constituted due notice of application to amend or dispense with the necessity for the amendment; (d) the facts assumed by the appellate department were not true but the true facts were such as justified the trial judge in rendering the judgment against Lucey's, in favor of Malatesta. He then recites the story of the proceedings prior to the judgment; his proof of the copartnership; the amendment to conform to the evidence; the continuance at the request of Lucey's; his attempt to reset the case while reserving his objection to the validity of the reversal; his motion for judgment against the surety on the stay bond on the ground that the reversal of the judgment was void; the only party that could move to dismiss the action is Lucey's, the sole defendant. The petitions came on for hearing before department 22, superior court, and after submission both were by order duly entered dismissed.

Appellant makes neither assignments of error nor sets forth in his brief each point separately under an appropriate heading, or any heading descriptive of the subject matter. (Rule 15, Rules on Appeal.) His only headings are ''General Statement of the Case,'' ''Facts,'' ''Legal Principles,'' ''Appellate Departments' Ruling Not Final.'' However, we have carefully explored the record and appellant's lonely brief in order to ascertain the merit of the contentions alleged in his petition. His demand that we declare the reversal of his judgment by the appellate department is supported by no authority or citation of legal principle within our knowledge. There is no such thing as an appeal from that court. Its judgments are final and conclusive upon all civil matters coming within their cognizance. (Const., art. VI, § 5.) Since there can be no direct appeal from that court, collateral attack upon its judgment of three years ago cannot be seriously considered. A disappointed litigant cannot enter the back door of an appellate court if admittance be denied him at the front. If the appellate department committed error in reversing the judgment of January, 1938, it did so in the proper exercise of its jurisdiction and constitutional power. It is trite to say that the validity of a judgment is not to be determined by its freedom from error. The appellate department received the appeal of Lucey's from the municipal

court, both parties were represented and, unfortunate for Malatesta, his judgment was reversed upon a legal opinion derived from the record and arguments. A discussion of the virtues of that opinion would take us beyond the confines of propriety.

Order affirmed.

McComb, J., concurred.

A petition for a rehearing was denied August 14, 1944, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1944. Schauer, J., did not participate therein.